## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY KENGERSKI,                                  Case No. 2:17-CV-01048

     Plaintiff,

        vs.

THE ALLEGHENY COUNTY JAIL and ORLANDO
HARPER, Warden,

     Defendants.

## FIRST AMENDED COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Jeffrey Kengerski, by and through his undersigned counsel, Margaret S. Coleman, Esquire, and submits this First Amended Complaint in Civil Action, and in in support thereof avers as follows:

### I)      INTRODUCTION

1.      This Complaint alleges that the Allegheny County Jail ("ACJ or "the Jail") and Warden Orlando Harper violated Jeffrey Kengerski's statutory and constitutional right to be free from retaliation for complaints of race-based harassment in his workplace.  This Complaint further alleges that the ACJ and Harper interfered with Mr. Kengerski's rights under the Family and Medical Leave Act (FMLA) and retaliated against him for opposing conduct made unlawful under the FMLA.

## II)     JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 USC §§ 451, 1331, 1343 and 1345 and upon the doctrine of pendant and/or supplemental jurisdiction over any state law claims.

3.      All of the violations of Plaintiff's rights alleged herein occurred within the Western District of Pennsylvania. Venue is, therefore, properly in the Western District of Pennsylvania under 28 USC section 1291(B).

## III)    THE PARTIES

4.      Plaintiff, Jeffrey Kengerski, is an adult individual who resides in Allegheny County, Pennsylvania.

5.      The Defendant, Allegheny County Jail ("ACJ" or "Jail") is a sub-unit of Allegheny County.   Allegheny County is a county located in the Commonwealth of Pennsylvania.

6.      At all times relevant hereto, the Defendant Allegheny County Jail was an "employer" as that term has been defined in the applicable statutes and acted by and through its duly authorized agents, assignees and/or employees, who were then and there acting within the course and scope of their employment.

7.      Defendant Orlando Harper is an adult individual who, on information and belief, resides in Allegheny County.  At all times relevant hereto, Defendant Harper was employed as Warden of the Allegheny County Jail and was, with respect to the events alleged herein, acting under color of state law and in accordance with the custom, practices and/or policies of Allegheny County. He is sued in his individual and official capacities.

**IV)    FACTS**

8.     Plaintiff, Jeffrey Kengerski, was hired by Defendant to work as a corrections officer at the ACJ in April of 2002.

9.     Mr. Kengerski was most recently employed by ACJ as a Captain. In this position he was responsible for supervising staff and inmates.

10.    Prior to the events described herein, Mr. Kengerski received consistently positive performance reviews during his employment at the ACJ.

11.    Prior to the events described herein, Mr. Kengerski's employment file was free from disciplinary or corrective action.

12.    In mid to late April, 2015 Kengerski informed his supervisor Simon Wainwright that Major Robyn McCall had made racially offensive comments about his young biracial niece and sent numerous racially offensive text messages to his phone. McCall had ignored his requests to stop this behavior. Wainwrght ignored Mr. Kengerski's complaint and told him it would not be investigated.

13.    On or about April 27, 2017 Mr. Kengerski reported McCall's behavior directly to Warden Harper, who instructed him to draft a detailed memorandum outlining his allegations of harassment and racially inappropriate text messages.

14.    On or about April 29, 2015 Kengerski provided the memorandum requested by Harper.

15.    Less than one week later, on May 5, 2015, McCall served Mr. Kengerski with an unjustified discipline for "switching shifts."

16.     "Switching shifts" (also referred to as "buddy days") is a regular and officially-sanctioned practice engaged in by employees at the ACJ whereby employees agree to work each other's scheduled shifts.

17.     Mr. Kengerski was "switching shifts" with another ACJ employee to take time off to care for his dying father.

18.     The actions for which McCall disciplined Mr. Kengerski were specifically approved by Deputy Wardens Joseph Demore and William Emerick.

19.     The actions for which McCall disciplined Mr. Kengerski were routinely engaged in by other employees who were not disciplined.

20.     On May 6, 2015, McCall confirmed that the May 5, 2015 discipline was retaliatory, stating to Kengerski, "I know about the complaint, I'll fix your ass."

21.     Shortly after the disciplinary action was brought, Kengerski complained to Defendant Harper that that McCall had initiated the disciplinary action in retaliation for his filing a formal complaint against her.  Harper did not take any action on Kengerski's retaliation complaint.

22.     Despite providing evidence that he had been approved to "switch shifts" Kengerski received a five (5) day suspension and was ordered to pay back wages "fraudulently procured."

23.     This disciplinary action and punishment was not consistent with Allegheny County Jail's progressive discipline policy.

24.     McCall was not disciplined for her conduct and remained employed by the ACJ until her pension vested.

25.     In the summer of 2015 Mr. Kengerski was denied promotion to the position of Major.  Defendants gave the position to a Caption who had not applied.

26.     On information and belief, Defendants failed to promote Mr. Kengerski to the position of Major in retaliation for his race discrimination complaint against Major McCall.

27.     Throughout the summer of 2015, Defendants accused Mr. Kengerski of engaging in misconduct and attempted to discipline him multiple times.  In each instance, Mr. Kengerski was able to disprove the allegations against him.

28.     On or about November 20, 2015, Mr. Kengerski reported an incident of potential sexual harassment which had been brought to his attention in September 2015. Although he had reported this incident to his supervisor at the time, that supervisor was, himself, later terminated for sexual misconduct. Mr. Kengerski was concerned that the report had not been handled correctly.

29.     On information and belief, no action was taken against any party involved in the sexual harassment allegation.

30.     On or about November 24, 2015 Mr. Kengerski was terminated for allegedly interfering with the investigation into the sexual harassment allegation.

31.     Mr. Kengerski did not interfere with this investigation and at all times conducted himself consistently with the policies and procedures of the Allegheny County Jail.

32.     On information and belief, Defendants' stated reasons for terminating Mr. Kengerski were a pretext for retaliation based on his charge of racial discrimination and harassment against a senior member of the jail administration.

33.     Mr. Kengerski had been "switching shifts" (the activity for which he was disciplined in April 2015) because he had needed time to off care for his dying father. Because of the Jail's ongoing harassment and retaliation against officers using FMLA, Mr. Kengerski believed he would be retaliated against if he applied for FMLA to care for his father.

34.     During the approximately twelve months preceding his termination, at meetings attended by high ranking members of the Jail's administration including Defendant Harper, Mr. Kengerski was outspokenly critical of the Jail's policies regarding FMLA, indicating to management that he believed the Jail's policies to be unfair and potentially illegal.  During these meetings he was told to be quiet and his concerns were dismissed.

35.     In or about April of 2015, while his application for an open Major position was pending, Mr. Kengerski stated openly in the presence of Deputy Warden Simon Wainwright that he was applying for FMLA leave.  Wainwright stated, "The last thing we need is another Major on FMLA."

36.     On information and belief, the actions alleged herein, including unwarranted discipline, attempted discipline and termination, were taken in retaliation for Mr. Kengerski opposing and/or complaining about ACJ's unlawful FMLA practices.

37.     On information and belief, the actions alleged herein, including unwarranted discipline, attempted discipline and termination, were taken in retaliation for, or in an attempt to interfere with, Mr. Kengerski exercising or attempting to exercise his rights under the FMLA.

38.     Prior to filing this lawsuit, Mr. Kengerski exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment Opportunity Commission (EEOC) and/or Pennsylvania Human Relations Commission (PHRC).   A copy of the charge of discrimination filed on behalf of Mr. Kengerski is attached hereto as Exhibit 1 and made a part hereof.

39.     Mr. Kengerski has received a "Dismissal and Notice of Rights" from the EEOC with regard to his claims under the Title VII to the Civil Rights Act of 1964. A copy of this letter is attached hereto as Exhibit 2 and made a part hereof.

**V)     CLAIMS**

40.     As a result of the Conduct of Defendant Allegheny County Jail, as hereinbefore described, Mr. Kengerski has been denied his right to be free from retaliation for engaging in protected conduct as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

41.     As a result of the Conduct of Defendant Allegheny County Jail and Warden Orlando Harper, as hereinbefore described, Mr. Kengerski has been denied his right to be free from retaliation for engaging in protected conduct as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq.

42.     As a result of the Conduct of Defendant Allegheny County Jail and Warden Orlando Harper, as hereinbefore described, Mr. Kengerski has been denied his right to be free from race discrimination and retaliation for opposing race discrimination as protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and made actionable against this Defendant by 42 U.S.C. § 1983.

43.     As a result of the Conduct of Defendant Allegheny County Jail, as hereinbefore described, Mr. Kengerski has been subject to retaliation for and interference with the exercise of his rights under the Family Medical Leave Act.

44.     As a result of the Conduct of Defendant Allegheny County Jail, as hereinbefore described, Mr. Kengerski has been subject to retaliation for opposing practices made unlawful by the Family Medical Leave Act.

45.     As a result of Defendants' conduct, as hereinbefore described, Mr. Kengerski has suffered lost wages, benefits, and other remuneration.

46.     As a result of Defendants' conduct, as hereinbefore described, Mr. Kengerski has suffered embarrassment, humiliation, and emotional distress.

47.     Defendants' conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Mr. Kengerski federally protected rights.

48.     A jury trial is demanded.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in his favor for compensatory and/or punitive damages and award him such other relief as is appropriate and equitable under the circumstances and to award him costs and attorney's fees incident to the successful completion of this litigation.

Respectfully submitted,

/s/ Margaret S. Coleman
PA ID# 200975

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
(412) 232-4400

Attorney for Plaintiff