IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY KENGERSKI, | ) |
| | ) |
| v. | ) 2:17-cv-1048 |
| | ) |
| COUNTY OF ALLEGHENY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Before the Court are motions *in limine* filed by Plaintiff Jeffrey Kengerski [ECFs 134, 136, 138, 140, 142] and Defendant County of Allegheny [ECFs 144 through 150]. The Court issues this omnibus order resolving the motions as follows.

## I. PLAINTIFF'S MOTIONS

### A. Plaintiff's motion *in limine* regarding acknowledgment sheets [ECF 134] and corresponding brief [ECF 135].

The motion is GRANTED in part and DENIED in part. Policies from before Plaintiff's employment are not relevant to any claims or defenses in this case. To the extent Defendant wishes to introduce evidence of these acknowledgments, they must accord with the relevant corresponding policies. *See* ECF 164, ¶ 11.

### B. Plaintiff's motion *in limine* regarding advice of counsel [ECF 136] and corresponding brief [ECF 137].

The motion is GRANTED in part and DENIED in part. By testifying at his deposition that he consulted with the Law Department in reaching his decision to terminate Plaintiff's employment, Warden Harper put his conversation with the Law Department at issue. *See* ECF 119, p. 3. But Warden Harper would not testify as to the contents of his conversation throughout discovery on privilege grounds. *See, e.g.*, ECF 137-2. To permit Defendant to assert that Warden Harper acted in good faith by relying on legal advice, without having to reveal what was said, gives the factfinder the impression that Defendant followed this advice. *Mikulan v. Allegheny Cnty.*, No.

15-1007, 2017 WL 2374430, at *6 (W.D. Pa. May 31, 2017) (Eddy, J.) ("It would be extremely unfair to allow the County to withhold this evidence from Mikulan in discovery and then allow the County to turn around and argue that it did not discriminate against Mikulan based on the withheld legal advice."). Evidence that Warden Harper consulted with the Law Department is therefore excluded.

By contrast, no such privilege exists regarding communications with county managers, and Defendant disclosed the County Manager's Office as potentially having discoverable information. Evidence pertaining to Warden Harper's consultation with the County Manager's Office is therefore admissible, and Plaintiff's motion is DENIED as it pertains to them.

### C. Plaintiff's motion *in limine* to preclude testimony from Officers Brown, Tucker, and Coulter [ECF 138] and corresponding brief [ECF 139].

The motion is GRANTED in part and DENIED in part. To the extent Plaintiff challenges the veracity of the reports, the officers who drafted them will be allowed to testify to defend their veracity. Otherwise, absent a specific proffer, any other testimony from Officers Brown, Tucker, and Coulter is irrelevant.

### D. Plaintiff's motion *in limine* regarding disciplinary action [ECF 140] and corresponding brief [ECF 141].

The motion is DENIED. Warnings to an employee before the protected activity took place are relevant to support the employer's non-retaliatory reason for later terminating that employee. *See Thomas v. Bronco Oilfield Servs.*, 503 F. Supp. 3d 276, 314 (W.D. Pa. 2020) (Hornak, C.J.) (attempts to manage "pre-existing performance deficiencies after the employee has engaged in protected activity do not necessarily raise an inference of retaliatory animus"); *cf. Marseille v. Mount Sinai Health Sys., Inc.*, No. 18-12136, 2021 WL 3475620, at *7 (S.D.N.Y. Aug. 5, 2021);

*Conn v. Am. Nat'l Red Cross*, 149 F. Supp. 3d 136, 145 (D.D.C. 2016).  Plaintiff's objections go to the weight of the evidence, which is a question left to the jury.

    **E.    Plaintiff's motion *in limine* regarding the personnel board and unemployment compensation determinations [ECF 142] and corresponding brief.**

As Defendant has not filed a response, the motion is GRANTED.

## II.    DEFENDANT'S MOTIONS

    **A.    Defendant's motion *in limine* #1 to exclude evidence of those not similarly situated [ECF 144].**

The motion is DENIED.  Whether proffered comparators are similarly situated to the plaintiff is a question of fact for the jury.  *Andujar v. Gen. Nutrition Corp.*, No. 14-7696, 2018 WL 1087494, at *5–6 (D.N.J. Feb. 28, 2018), aff'd, 767 F. App'x 238 (3d Cir. 2019).

At this juncture, these proffered comparators are sufficiently similarly situated to Plaintiff for the jury to decide this issue.  *Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 882 (3d Cir. 2011).

    **B.    Defendant's motion *in limine* #2 to exclude testimony of Lauri Kengerski [ECF 145].**

The motion is DENIED.  Plaintiff first disclosed the existence of this witness in discovery and revealed his intent to call her in January 2022.  ECF 113, p.4.  Defendant did not object at that time or any other time before filing this motion.  Given the time between the disclosure and trial, any prejudice to Defendant is limited such that nondisclosure is harmless.  *Frederick v. Hanna*, No. 05-514, 2007 WL 853480, at *5 (W.D. Pa. Mar. 16, 2007) (Ambrose, J.) ("[I]f the identity of those persons or entities appeared on documents produced during discovery, or were revealed in response to interrogatories, then Plaintiffs' other failures do not justify the extreme sanction of excluding the evidence." (internal quotation marks omitted));

*Norfolk S. Ry. Co. v. Pittsburgh & W. Virginia R.R.*, No. 2:11-CV-1588-TFM, 2015 WL 4377766, at *3 (W.D. Pa. July 15, 2015) (McVerry, J.) (no surprise where defendants knew of witness's identity during discovery period and could have deposed but chose not to).

> C. **Defendant's motion *in limine* #3 to exclude evidence of outcomes of HR investigation [ECF 146].**

The motion is GRANTED. The probative value of the findings and conclusions of a human resources investigation concerning an employee who is not similarly situated to Plaintiff is substantially outweighed by the risk of confusion, delay, or prejudice. Fed. R. Evid. 403. Any evidence pertaining to the results of the investigation into the allegations against Officer Brown are therefore excluded.

> D. **Defendant's motion *in limine* #4 to exclude the testimony of Robert Bytner [ECF 147].**

As Plaintiff does not intend to call this witness to testify, the motion is DENIED without prejudice.

> E. **Defendant's motion *in limine* #5 to exclude reporter's voicemail [ECF 148].**

The motion is GRANTED. The Court believes the voicemail is most likely hearsay (*i.e.*, cannot be divorced from the truth of the matter), but even if it is not, Plaintiff has offered no evidence that he can authenticate it. The only indicia that the voicemail was left by a reporter—its only probative value—is the content of the voicemail itself. Consequently, its probative value is outweighed by the risk of unfair prejudice, waste, or confusion. Fed. R. Evid. 403.

> F. **Defendant's motion *in limine* #6 to preclude retaliation claims without foundation [ECF 149].**

The motion is DENIED, but with some qualification. Any "retaliation" suffered by Plaintiff at the hands of Officers Coulter, Tucker, and Brown is not relevant to establish any sort of adverse action, given these officers' lack of knowledge of

Plaintiff's involvement in Ms. McCall's termination. Plaintiff though seeks to proffer this evidence to show that Plaintiff complained about this harassment to Warden Harper, and Warden Harper treated these complaints less seriously than the complaint made by Plaintiff about Ms. McCall. For this limited purpose, the Court finds this evidence to be relevant.

> **G. Depending on how the evidence comes in, the Court may include a limiting instruction as part of its final jury instructions. Defendant's motion *in limine* #7 to preclude failure to promote claims [ECF 150].**

The motion was resolved by the Court's September 21, 2022, Order. ECF 169.

********************

Dated: September 23, 2022

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge