**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JEFFREY KENGERSKI,              Civil Action No. 17-1048

        Plaintiff,

   v.               Judge Nicholas Ranjan

COUNTY OF ALLEGHENY,

        Defendant.        JURY TRIAL DEMANDED

**JOINT EXHIBIT LIST**

| Ex. No. | P/D/Joint Exhibit | Date | Author | Descript. | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | D | 2002-05-06 | Kengerski | Acknowledgement of Receipt of AC Code of Accountability, Conduct, and Ethics | Δ AC-JK_000685 | | | 401, 403 – receipt of documents not relevant, potentially confusing without actual document | Relevant to show π's receipt and understanding of the COC and supports Δ's legitimate non-retaliatory reasons for termination: - | Sustained pursuant to Court's Order on Plaintiff's motion *in limine* re acknowledgment sheets and corresponding brief. |
| 2 | P | 2003 2007 2013 | Various Kengerski Supervisors; Latest is Capt. McGovern | Kengerski's performance evaluations going back to his time as a Part-Time C/O | Δ AC-JK_000051 - 000055, 60-65, 68-69 | | | Obj. 401, 403 2003 and 2007 Evaluations conducted under different administration; π was only a CO and sergeant at time of evaluations (not Captain) | Records of P's satisfactory job performance are relevant to his claims that defendant's reasons for terminating him were pretextual | Objection is sustained. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | Joint | 2005-10-30 | AC Record | Kengerski Promotion: Part-Time to Full-Time C/O | Δ AC-JK_000097 | | | | | |
| 4 | D | 2005-10-31 (undated) | Kengerski | Acknowledgement of Receipt of AC Handbook | Δ AC-JK_000657 | | | 401, 403 – receipt of documents not relevant, potentially confusing without actual document. | Relevant to show π's receipt and understanding of the handbook and supports Δ's legitimate non-retaliatory reasons for termination: | Sustained pursuant to Court's Order on Plaintiff's motion *in limine* re acknowledgment sheets and corresponding brief. |
| 5 | D | 2005-10-31 | Kengerski | Acknowledgement of Receipt of AC Code of Accountability, Conduct, and Ethics | Δ AC-JK_000676 | | | 401, 403 – receipt of documents not relevant, potentially confusing without actual document. | Relevant to show π's receipt and understanding of the COC and supports Δ's legitimate non-retaliatory reasons for termination: - | Sustained pursuant to Court's Order on Plaintiff's motion *in limine* re acknowledgment sheets and corresponding brief. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | D | 2005-10-31 | Kengerski | Acknowledgement of Receipt of ADHR Policy and Report Procedure | Δ AC-JK_000677 | | | 401, 403 – receipt of documents not relevant, potentially confusing without actual document. | Relevant to show π's receipt and understanding of the Policy and supports Δ's legitimate non-retaliatory reasons for termination: - | Sustained pursuant to Court's Order on Plaintiff's motion *in limine* re acknowledgment sheets and corresponding brief. |
| 7 | D | 2005-11-21 | Kengerski | Acknowledgement of Receipt of ADHR Policy and Report Procedure | Δ AC-JK_000066 | | | 401, 403 – receipt of documents not relevant, potentially confusing without actual document. | Relevant to show π's receipt and understanding of the Policy and supports Δ's legitimate non-retaliatory reasons for termination: - | Sustained pursuant to Court's Order on Plaintiff's motion *in limine* re acknowledgment sheets and corresponding brief. |
| 8 | Joint | 2007-04-29 | AC Record | Kengerski Promotion: C/O to Sergeant | Δ AC-JK_000094 | | | | | |
| 9 | D | 2008-01-01 | AC Policy | Allegheny County Employee Handbook | Δ AC-JK_000422 - 000470 | | | | | |
| 10 | Joint | 2008-02-20 | Ramon Rustin | ACJ Code of Ethics Policy 124 | Δ AC-JK_000168 - 000178 | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---------|-----------|------|--------|-------------|---------|-----------|-------------|--------------|---------------|----------------|
| 11 | D | 2008-06-23 | Lance Bohn | Verbal Warning to Kengerski for Failing to Report Incident | Δ AC-JK_000389 | | | 401, 403 – if Ex. 2 is deemed inadmissible. | Relevant to show notice that π is aware of reporting procedure | Resolved pursuant to Court's Order on Plaintiff's motion *in limine* regarding disciplinary action. |
| 12 | D | 2012-01-12 | AC Policy | Allegheny County ADHR Policy | Δ AC-JK_000321-000325 | | | | | |
| 13 | Joint | 2013 (estimate) | Robyn McCall | Screenshots of messages sent from Maj. McCall to Kengerski | Δ AC-JK_001815-001828 | | | | | |
| 14 | Joint | 2014 | AC Record | ACJ Organizational Chart | Δ AC-JK_000040 | | | | | |
| 15 | Joint | 2014-09-21 | AC Record | Kengerski Promotion: Sergeant to Captain | Δ AC-JK_000075 | | | | | |
| 16 | Joint | 2014-12-14 | AC Record | McCall Promotion from Captain to Major | Δ AC-JK_002034 | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 17 | D | 2015-03-13 | Robyn McCall | Email chain between McCall and Kengerski re Taser | π 000353-000358 | | | 401, 403 relevance – reserve objection pending proffer and/or proper foundation at trial.<br><br>403 – This is cumulative. Propose just using 357-58 which includes the entire chain. | Relevant to show actual state of occurrences between McCall and π during time he is accusing her of "harassment" in his alleged protected report; π specifically refers to the emails in his alleged protected report that is central to this lawsuit and are part of defense | Objection is sustained. |
| 18 | Joint | 2015-03-15 | AC Policy | ACJ Policy #154, Code of Ethics/Conduct Required for ACJ Employees | π 000482 - 000484 | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---------|-----------|------|--------|-------------|---------|------------|-------------|--------------|---------------|----------------|
| 19A | D | 2015-03-15 | Kengerski | Report re Taser Incident | π 000359 | | | 401, 403 relevance – reserve objection pending proffer and/or proper foundation at trial | Relevant to show actual state of occurrences between McCall and π during time he is accusing her of "harassment" in his alleged protected report; π specifically refers to the emails and this incident in his alleged protected report that is central to this lawsuit and are part of defense | Objection is sustained. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 19B | D | 2015-03-15 | McCall | Email Re Report on Inspection Assignment | π 000360 | | | 401, 403 relevance – reserve objection pending proffer and/or proper foundation at trial | Relevant to show actual state of occurrences between McCall and π during time he is accusing her of "harassment" in his alleged protected report; π specifically refers to the emails and this incident in his alleged protected report that is central to this lawsuit and are part of defense | Objection is sustained. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 20A | D | 2015-04-01 | Robyn McCall; Kengerski; Others | Email Chain with McCall re Kengerski Office Assignment | π 000363 | | | 401,403-relevance – reserve objection pending proffer and/or proper foundation at trial | Relevant to show actual state of occurrences between McCall and π during time he is accusing her of "harassment" in his alleged protected report; π specifically refers to the emails and this incident in his alleged protected report that is central to this lawsuit and are part of defense | Objection is sustained. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---------|-----------|------|--------|-------------|---------|------------|-------------|--------------|----------------|----------------|
| 20B | D | 2015-04-01 | Robyn McCall; Kengerski; Others | Email Chain with McCall re: vacation scheduling | π 000364-000366 | | | 401,403- relevance – reserve objection pending proffer and/or proper foundation at trial | Relevant to show actual state of occurrences between McCall and π during time he is accusing her of "harassment" in his alleged protected report; π specifically refers to the emails and this incident in his alleged protected report that is central to this lawsuit and are part of defense | Objection is sustained. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---------|-----------|------|--------|-------------|---------|-----------|-------------|--------------|---------------|----------------|
| 21 | D | 2015-04-22 | Robyn McCall; Kengerski | Email chain between Kengerski and McCall re scheduling access | π 000367 | | | 401,403- relevance – reserve objection pending proffer and/or proper foundation at trial | Relevant to show actual state of occurrences between McCall and π during time he is accusing her of "harassment" in his alleged protected report; π specifically refers to the emails and this incident in his alleged protected report that is central to this lawsuit and are part of defense | Objection is sustained. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---------|-----------|------|--------|-------------|---------|------------|-------------|--------------|---------------|----------------|
| 22 | D | 2015-04-25 | Robyn McCall; Robert Bytner | Email Chain between McCall and Bytner re Kengerski's vacation changes | π 000369-000370 | | | 801, 802 – hearsay  401,403- relevance – reserve objection pending proffer and/or proper foundation at trial | Relevant to show actual state of occurrences between McCall and π during time he is accusing her of "harassment" in his alleged protected report; π specifically refers to the emails and this incident in his alleged protected report that is central to this lawsuit and are part of defense; Non hearsay not being offered for the truth – the emails are specifically referred to and part of the alleged protected report π submitted | Objection is sustained. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| 23 | Joint | 2015-04-27 | Orlando Harper | Email to Kengerski req. a memo re. allegations against McCall | $\pi$ 000371 | | | | | |
| 24 | D | 2015-04-27 | Orlando Harper | Email from Harper to Kengerski, Suzio, re printing screenshots | $\pi$ 000372 | | | | | |
| 25 | Joint | 2015-04-29 | Kengerski | Memo to Warden Harper re. Major McCall | $\pi$ 000373 - 000374 | | | | | |
| 26 | Joint | 2015-05-05 | Robyn McCall | McCall Email re overdue Buddy Days | $\pi$ 000377 | | | | | |
| 27 | Joint | 2015-05-14 | Orlando Harper | Email between Harper and Kengerski re investigating filed complaint | $\pi$ 000378 | | | | | |
| 28 | Joint | 2015-06-08 | AC Record | McCall Personnel Form | $\pi$ MSJ Ex. P9 | | | | | |
| 29 | D | 2015-07-01 | Simon Wainwright | Notice of hearing to Kengerski re Buddy Days | $\Delta$ AC-JK_000386 | | | 401, 403- relevance – reserve objection pending proffer and/or proper foundation at trial | Relevant to establish $\Delta$ legitimate non-retaliatory reasons for $\pi$ five-day suspension and goes to causation | Objection withdrawn by Plaintiff. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 30 | D | 2015-07-01 | AC Record | Kengerski Buddy Day violations from personnel file | Δ AC-JK_000105-000119 | | Foundation will be laid at trial | 801 – hearsay. Author/preparer is not identified. NO business record foundation laid. Even if business records, document contain handwriting from an unidentified individual who is not subject to cross examination.<br><br>401, 403. - not relevant. Documents are incomplete (pages are cut off). | Business Record contained in π's personnel file also offered for non-hearsay purpose of notice to County to support non-retaliatory business decision to suspend π for Buddy Day violation – goes to causation issue | Objection withdrawn by Plaintiff except as to authenticity.  That objection is overruled subject to Defendant's laying a foundation at trial. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---------|-----------|------|--------|-------------|---------|------------|-------------|--------------|---------------|----------------|
| 32 | P | 2015-07-14 | Kengerski | Incident Report re. Sgt. Coulter | π 000387 | | | Yes 801, 805 401, 403<br><br>Self-serving statement document not produced by ∆; Hearsay within hearsay  Best Evidence Rule – ''post'' was never produced | Business record. Statements of wainwright and Bytner are statements of a party opponent. Admissible to rebut a charge of recent fabrication. Statements reported by Kengersi are Admissible to establish the effect him and the fact that the ACJ was aware of these incidents. | Objection withdrawn by Plaintiff. |
| 33 | D | 2015-07-14 | Simon Wainwright | Letter detailing Kengerski's Buddy Day suspension | ∆ AC-JK_000385 | | | 401, 403- relevance – reserve objection pending proffer and/or proper foundation at trial | Relevant to establish ∆ legitimate non-retaliatory reasons for π five-day suspension and goes to causation | Objection withdrawn by Plaintiff. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 34 | D | 2015-08-11 | Orlando Harper | Email from Harper reminding all of ADHR Policy | π 000392 | | | | | |
| 35 | Joint | 2015-08-17 | Orlando Harper; Kengerski | Email RE return to Sergeant | π 000395 | | | | | |
| 36 | P | 2015-08-18 | Kengerski | Incident Report re Officer Tucker – Kengerski to Bytner | π 000396 | Yes; County has disputed the authenticity of this document since the personnel board hearing; County does not have this record | | Yes Hearsay 403;\n\nCounty was never in possession of this report and has disputed that it is a county record since the personnel board hearing; Self serving statement being used to establish truth | Business Record. Not being used to establish truth of contents, used to establish that P made the report. | Sustained.  The report is not relevant and its probative value is substantially outweighed by the risk of unfair prejudice, waste, or confusion.  Fed. R. Evid. 403. |
| 39 | Joint | 2015-09-09 | Unknown | Anonymous Letter | Δ AC-JK_001123 | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 40 | P | 2015-09-09 | Inspector William Palmer | Investigator's Report on Anonymous Letter | Δ AC-JK_001410-001412 | | | Rel 401, 403 | Relevant to establish Harper's knowledge of factions and likely retaliation against P. | Report is admissible. Overrule Defendant's 401, 403 objections. |
| 41 | P | 2015-09-20 | Kengerski | Redacted e-mail from Plaintiff to Jail Personnel | π MSJ Ex. P28 | | | Obj, 801, 403 Confusing This is a blank email with only a subject line and no attachments or explanation | Not hearsay. Offered to show notice to jail administration. Relevant to show that jail administration was aware of P's complaints. | Admissible. Statement is not hearsay if offered to show Plaintiff noticed recipients. Fed. R. Evid 801(c). |
| 42 | Joint | 2015-10-08 | AC Record | PA 1000 Termination Report for Robert Bytner | Δ AC-JK_002028 | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 43 | D | 2015-11-01 | AC Record | ACJ Captain Job Description | Δ AC-JK_000375-000376 | Yes, Date unknown. Cannot establish when job description was in effect. | Will lay a foundation | 401,403 | Relevant to show captain's role within the jail; what is expected of the position; supports Δ legitimate non-retaliatory justifications for termination | Admissible.  Overrule Plaintiff's 401, 403 objections. |
| 44 | Joint | 2015-11-20 | Kengerski | Incident Report re Officer Tucker – Kengerski to Administration | Δ AC-JK_000367 | | | | | |
| 45 | D | 2015-11-20 | Kengerski | Acknowledgement of Receipt of ADHR Policy and Report Procedure | Δ AC-JK_000662 | | | | | |
| 46 | D | 2015-11-20 | AC Record | Sexual Harassment Training Sign-in Sheet | Δ AC-JK_001405-001406 | | | | | |
| 47 | D | 2015-11-23 | Orlando Harper | Harper email to Nichole Nagle encl. Tucker sexual harassment complaint | Δ AC-JK_000421 | | | | | |
| 48 | Joint | 2015-11-23 | Alyssia Tucker | Incident Report re Sergeant Brown | Δ AC-JK_000363 – 000364 | | | | | |
| 49 | Joint | Undated; Incident occurred 2015-11-23 | Jason Batykefer | Incident Report re Tucker, Brown. | Δ AC-JK_000371 | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---------|-----------|------|--------|-------------|---------|------------|-------------|--------------|---------------|----------------|
| 50 | Joint | 2015-11-24 | Alyssia Tucker | Incident Report re Kengerski asking Tucker to say she spoke with Bytner | Δ AC-JK_000366 | | | | | |
| 51 | Joint | 2015-11-24 | Andrew Coulter | Incident Report re Kengerski asking Brown, Tucker, to say they spoke with Bytner | Δ AC-JK_000365 | | | | | |
| 52 | Joint | 2015-11-24 | Michael Brown | Incident Report re Kengerski asking Brown to not report conversation | Δ AC-JK_000370 | | | | | |
| 53 | Joint Assume P agrees to use redated | 2015-11-30 | Orlando Harper | Termination Letter | Δ AC-JK_000915 | | | | | |
| 54 | D | 2015-11-30 | AC Record | PA 1000 Termination Report of Kengerski | Δ AC-JK_000073 | | | | | |
| 55 | Joint | 2015-12-08 | Orlando Harper | Post-Termination Hearing Memo | Δ AC-JK_000303 | | | | | |
| 56 | Joint | 2015-12-14 | Orlando Harper | Harper email to Samuel Pastor req. footage | Δ AC-JK_001790 | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 57 | D | various | AC Record | KRONOS timesheets | Δ AC-JK_001791-001794 | Yes | Will lay foundation | 801 – Hearsay – 401, 403 – relevance as to D's additional pages. | Business record being offered to show Δ notice and what was relied on in legitimate non-retaliatory reasons for term | Objection is overruled subject to Defendant's laying a foundation at trial. |
| 58 | P | 2016-01-12 | Ct. Reporter | Unemploy. Comp. Transcript | π 000722-752 | | | Obj. – Hearsay these should have been designated excerpts to be filed with pretrial statement | Non-hearsay - Statement of a party opponent. Relevant to show pretext. | Overrule Defendant's objection.  Admissible as statements of party opponent or for impeachment.  Fed. R. Evid. 801(d)(1), (2). |
| 59 | P | 2016-03-14 | Ct. Reporter | π Personnel Hearing Transcript | π 000568-721 | | | Obj. – Hearsay these should have been designated excerpts to be filed with pretrial statement | Non-hearsay - Statement of a party opponent. Relevant to show pretext. | Overrule Defendant's objection.  Admissible as statements of party opponent or for impeachment.  Fed. R. Evid. 801(d)(1), (2). |
| 61 | D | 2019-01-23 | Kengerski | Plaintiff's Responses to Defendant's Interrogatories and Request for Production of Documents | Unnumbered | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 62 | D | 2019-02-07 | Various | Kengerski Deposition & exhibits A, C, E, I, J, L, P, Q, R, S, T, U, V, W, Y, z, CC, FF, GG, HH | Various | | | To the extent that D wants to use any of these exhibits, they should be listed separately so that P can object to their admissibility and/or relevance separately individually. | These are exhibits that coordinate depo designations in pre-trial: it would only come in at time particular designation was read | Parties are to confer as part of deposition designation process and resolve disputes, or else raise disputes before trial. |
| 63 | D | 2019-03-21 | Ct. Reporter | Video Deposition of Simon Wainwright & Exhibits 3, 4, 6, 7, 13, 14 | Unnumbered | | | To the extent that D wants to use any of these exhibits, they should be listed separately so that P can object to their admissibility and/or relevance individually. | These are exhibits that coordinate depo designations in pre-trial: it would only come in at time particular designation was read | Parties are to confer as part of deposition designation process and resolve disputes, or else raise disputes before trial. |
| 64 | P | 2018 2019 2020 2021 | Kengerski | P W-2's | π 000562-567 | | | | | |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---|---|---|---|---|---|---|---|---|---|---|
| 65 | P | 2019-07-25 Unknown | Carl Prine(?) | Voicemail from Tribune Review Reporter | $\pi$ 000558 | Yes | | Yes 401, 403 802; Hearsay of someone available; Not relevant; speculation – asking to infer leaking of information on behalf of D | Relevant to show that information regarding P's discipline was leaked to the press immediately after his termination. | Resolved pursuant to the Court's Order on Defendant's motion *in limine* #5, primarily on basis of Rule 403. |
| 66 | P | 2019-07-25 | Heather McDonald | Transcript of Voicemail from Tribune Review Reporter, $\pi$ 000558 | $\pi$ MSJ Ex. P39a | Yes | | Yes 401, 403 802; Hearsay of someone available; Not relevant; speculation – asking to infer leaking of information on behalf of D | | Resolved pursuant to the Court's Order on Defendant's motion *in limine* #5, primarily on basis of Rule 403. |

| Ex. No. | P/D Joint | Date | Author | Description | Bates # | Obj. Auth. | Resp. Auth. | Obj. Admiss. | Resp. Admiss. | Court's Ruling |
|---------|-----------|------|--------|-------------|---------|------------|-------------|--------------|---------------|----------------|
| 67 | P | 2022 | AC Website | List of County Pay | None | Yes<br>Not produced/ requested in discovery<br>Unknown if accurate<br>Unfair surprise | | Yes<br>Hearsay;<br>403<br>P Has not produced comparative info. only produced w-2 info., and only from 2016-21.<br><br>Difference between gross wages and w-2 information not reflected in this exhibit – P is not prejudiced already included comparator information in original pre-trial | I don't understand the objection. | Objection is overruled without prejudice. |