IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY KENGERSKI, | ) |
| | ) |
| Plaintiff, | ) 2:17-cv-1048-NR |
| | ) |
| v. | ) |
| | ) |
| COUNTY OF ALLEGHENY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Defendant Allegheny County's motion for declaration of mistrial (ECF 215). After Plaintiff's counsel's opening statement at trial, Defendant moved for a mistrial, on the basis that Plaintiff's counsel made allegedly prejudicial statements in her opening. The Court denied that motion, without prejudice. After the verdict, the Defendant renewed the motion for a mistrial. The Court ordered briefing on the issue, which is now complete. For the following reasons, the motion is **DENIED**.

Because Defendant's motion for mistrial seeks a new trial, the Court is guided by the more general standard for granting a new trial under Federal Rule of Civil Procedure 59. Rule 59 permits a court to order a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "A new trial is extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bistrian v. Levi*, 517 F. Supp. 3d 335, 345 (E.D. Pa. 2021) (cleaned up). Whether to grant a motion for a new trial rests in the trial court's discretion. *Blancha v. Raymark Indus.*, 972 F.2d 507, 512 (3d Cir. 1992) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)); *see also Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 207 (3d Cir. 1992) ("In matters of trial procedure such as that involved here, the trial

judge is entrusted with wide discretion because he is in a far better position than we to appraise the effect of the improper argument of counsel." (cleaned up)).

Defendant seeks a mistrial on grounds that "Plaintiff's counsel made repeated and serious improper statements in her opening statement." ECF 216, p. 1 (cleaned up). Where the grounds for mistrial rest on claims of misconduct by counsel, "courts have uniformly required misconduct by counsel to be extremely pervasive and egregious before a new trial will be granted." *Richard P. ex rel. R.P. v. Sch. Dist. of Erie*, No. 03-390, 2006 WL 2847412, at *10 (W.D. Pa. Sept. 30, 2006) (McLaughlin, J.) (cleaned up), *aff'd sub nom. Richard P. ex rel. Rachel P. v. Sch. Dist. of Erie*, 254 F. App'x 154 (3d Cir. 2007). "In reviewing allegedly improper remarks by counsel that have been objected to, the appropriate query consists of whether (1) the remarks were improper, and (2) the improper remarks made it reasonably probable that the verdict was influenced by the prejudice resulting from the remarks." *Id.* (cleaned up).

The Court has considered the parties' briefs and reviewed the at-issue statements, and finds that counsel's remarks were not improper, and it was not reasonably probable that any resulting prejudice influenced the verdict. This is so for the following three reasons.

First, the Court's instructions to the jury dulled the impact of any allegedly improper statements made in the openings. The Court provided clear instructions to the jury at both opening and closing as to the kind of evidence, such as documents and testimony, as well as circumstantial evidence, it could properly consider in reaching its verdict.[1]

Additionally, after the parties' opening statements, the Court gave a clear limiting instruction to the jury (at Defendant's request) that opening statements are

---

[1] ECF 229, 16:20-17:5 (Day 1 transcript) (Court: "The other type of evidence is circumstantial evidence. Circumstantial evidence is proof of one or more facts from which you could find another fact. . . . You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to

not evidence.[2] ECF 216-1, 26:2-21. The jury was thus aware at the beginning of trial, and reminded throughout trial and at closing, what evidence it could consider and how it could consider that evidence. *See United States v. Somers*, 496 F.2d 723, 738 (3d Cir. 1974) (in criminal trial, any prejudice from "overly-dramatic, unnecessary characterizations" in government's opening was neutralized by length of trial and curative jury instructions from the court).

Second, as to the statements themselves, Defendant identifies approximately 30 purportedly problematic statements from Plaintiff's opening. Defendant vaguely claims and without any direct citations to the record outside of Plaintiff's counsel's opening that these statements refer to facts and evidence that Plaintiff did not prove or used inappropriately. ECF 216, ¶¶ 1-3. After careful consideration of the trial transcript, the Court disagrees with Defendant's characterization. Plaintiff presented either direct or circumstantial evidence related to most, if not all, of the

---

either direct or circumstantial evidence. You are to decide how much weight to give any evidence."); ECF 232, 147:1-5 (Day 4 transcript) (Court: "As I mentioned at the beginning of the trial, certain other things, however, are not evidence such as opening statements, arguments, questions and comments by the attorneys, the attorney's representing the parties in this case, and closing arguments. Those are not evidence."); *id.* at 147:18-25 (Court: "The evidence in this case consists not only of the testimony from the witnesses and the documents which have been offered into evidence and shown to you, but also includes such fair and reasonable inferences as properly flow from the facts which are not disputed or which you believe to be true. This is sometimes referred to as circumstantial evidence. And is simply indirect proof of one or more facts from which you could find another fact.")

[2] ECF 229, 65:3-10 (Day 1 transcript) (Court: "I just want to emphasize one point that I made earlier. You've heard the opening statements of the lawyers. Opening statements are not evidence in the case. The lawyers put their openings to try to present to you the evidence they intend to present during the course of this trial, the evidence that will be presented, the testimony and exhibits. That's what's to be considered in reaching your verdict.").

factual statements counsel made in her opening.  *See, e.g.*, ECF 225-1; ECF 225-2. Consider the following examples:

| Opening Statement Citation [ECF 216-1] | Support in Trial Record |
|---|---|
| 3:24-4:2 | ECF 230, 25:22-26:23; ECF 231, 167:17-169:9 |
| 4:4-5, 10-12 | ECF 230, 25:22-26:23, 30:10-21; ECF 231, 167:17-169:9 |
| 4:25-5:7, 5:8-10, 14-18, 21-22 | ECF 230, 43:3-9, 50:18-51:25, 52:11-25, 150:19-151:7, 153:18-154:4, 162:6-19, 167:19-169:10, 169:14-170:9; ECF 231, 171:17-173:25, 182:12-25, 194:22-195:21; Ex. 40 |
| 6:4-10; 7:8-10,12-14, 17-18, 23-25; 8:3-6, 10-12 | ECF 231, 100:2-19, 133:17-134:12, 193:14-194:17; Ex. 32; Ex. 40 |
| 11:19-24; 12:2-4 | ECF 230, 37:5-38:22, 89:8-25, 112:21-113:4; ECF 231, 36:20-38:14; 53:17-25; Exs. 53, 55 |
| 12:14-18; 12:24-13:1 | ECF 231, 53:17-25, 213:14-214:17 |
| 13:17-21 | ECF 231, 100:15-19, 111:5-25; 114:17-22; 115:8-14 |
| 14:3-7 | ECF 231, 111:5-115:21 |
| 14:19-21; 15:2-5, 8-12 | ECF 231, 34:13-19; 157:15-22; Wainwright deposition transcript, ECF 68-4, p. 12, 95:1-20 |
| 16:6-7, 9-10, 18-21 | ECF 230, 55:16-57:14 |
| 16:25-17:1 | ECF 230, 37:5-38:22, 89:8-25, 112:21-113:4; ECF 231, 36:20-38:14, 161:2-163:12 |

In the end, Defendant's allegations more reasonably go to disagreements with the jury's conclusions as a matter of the sufficiency of the evidence, but "courts are not free to reweigh the evidence and set aside a verdict merely because the jury could have drawn different inferences or conclusions or because judges think that another result would be more reasonable." *Mroz v. Dravo Corp.*, 429 F.2d 1156, 1161 (3d Cir. 1970) (citations omitted).

Third, even if Plaintiff's counsel's opening statement hadn't been supported by the ultimate trial evidence, counsel's statements were otherwise not so improper or so prejudicial to Defendant to warrant a declaration of a mistrial.  For example, the purported "personal attack" on Warden Harper was merely a reference to the nature

of circumstantial evidence, and nothing more. *Compare* ECF 229, 16:21-17:1 (Court: "Circumstantial evidence is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining."), *with id.* at 31:5-18 (Plaintiff's counsel: "Circumstantial evidence is evidence from which you can conclude some other thing. The example that [the Court ] gave is that somebody comes in from the outside and their coat is wet. You can conclude based on his wet coat that it is raining outside. . . . When Warden Harper testifies and he tells you that the reason Mr. Kengerski was terminated was because of those reports that he got from those officers, have a look at his coat because it's going to be wet.").

To the extent Plaintiff failed to present evidence for all of the statements made in counsel's opening, Defendant was free to make—and did, in fact, make—that point to the jury. *See U.S. v. Gambone*, 314 F.3d 163, 179 n.11 (3d Cir. 2003) ("[D]efense counsel did nothing improper by pointing out that the government did not prove every fact alleged in the indictment or raised in opening statements."); *see, e.g.*, ECF 233, 18:15-20 ("You heard a lot of testimony about retaliation and other things McCall-related and factions. Nothing about Tucker being in a faction. There is nothing [in the record] to question the motive or credibility of Officer Tucker. She gives a report that says that her superior officer told her to put false information in a report. It makes sense."); *id.* at 20:7-11 ("The next thing is Officer Coulter, Sergeant Coulter. You heard a good bit of testimony about him. But what you didn't hear was Sergeant Coulter's report making any real difference in Warden Harper's investigation because Sergeant Coulter had no first-hand knowledge of anything."); *id.* at 21:2-3 ("Now we have Sergeant Brown. You didn't hear much about him. Because there's nothing to hear."); *id.* at 24:12-15 ("[W]here is the retaliatory animus that Warden Harper is— has to have in order for plaintiff to prevail? But where is it? Where do we have any

record of it in our case?"); *id.* at 29:6-12 ("There's no evidence that Warden Harper is in a faction. He's not involved in any of these things. There's no evidence that Tucker or Brown were involved in any of these. Again, looking at the things in November, does it make sense that the evidence in November supports the warden's decision to terminate Mr. Kengerski? This is a diversion.").

In short, based on the record before the Court, the "extraordinary relief" of a mistrial on the basis of Plaintiff's counsel's opening is not appropriate.

**********************

For all of these reasons, this **14th day of December, 2022**, it is **hereby ORDERED** that Defendant's motion for declaration of mistrial (ECF 215) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge