IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY KENGERSKI, | ) |
| | ) |
| Plaintiff, | )  2:17-cv-1048-NR |
| | ) |
| v. | ) |
| | ) |
| COUNTY OF ALLEGHENY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Following a jury verdict in his favor, Plaintiff Jeffrey Kengerski moved for an order from the Court awarding him backpay and front pay, as well as prejudgment interest on his backpay and compensatory damages awards. ECF 221. On January 20, 2023, this Court awarded backpay and front pay, but held the issue of prejudgment interest in abeyance. ECF 240. Following additional briefing and a supplemental expert report from the parties, the Court now turns to that issue. In short, the Court will grant Mr. Kengerski's request for prejudgment interest on backpay, but declines to award prejudgment interest on his compensatory damages award.

The Court has discretion to award prejudgment interest; however, there is "a strong presumption in favor of awarding prejudgment interest, except where the award would result in 'unusual inequities.' Accordingly, a district court may exercise its discretion to depart from this presumption only when it provides a justification that reasonably supports the departure." *Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995) (cleaned up).

Turning first to backpay, the Court finds that prejudgment interest on Mr. Kengerksi's backpay is appropriate considering the "strong presumption" favoring that award. Allegheny County's only argument against it is that Mr. Kengerski failed

to mitigate his damages. ECF 258, p. 5. That argument misses the mark for two reasons. First, both the Court, in its order on backpay, and the jury, implicitly in its verdict, found Mr. Kengerski mitigated his damages, so any argument to the contrary is inapposite. ECF 240, pp. 6-10. Second, it is well-settled that "a plaintiff's failure to mitigate damages, alone, is insufficient to overcome the presumption in favor of a prejudgment interest award." *Booker*, 64 F.3d at 869. Since the County offers no other argument to overcome the presumption favoring prejudgment interest on backpay, the Court will award that interest at the requested, undisputed rate of 6%. ECF 528, p. 4 n.2 (withdrawing opposition to 6% legal rate of interest).

But the Court denies Mr. Kengerski's motion as to interest on compensatory damages. The purpose of prejudgment interest is "to compensate a plaintiff for the loss of the use of money that the plaintiff otherwise would have earned had he not been unjustly discharged." *Booker*, 64 F.3d at 868. Accordingly, "it is entirely consistent with this purpose not to award interest on money that [the plaintiff] would have earned in the future (front pay) or would never have earned but for the jury verdict (punitive and pain and suffering damages)." *Rush v. Scott Specialty Gases, Inc.*, 940 F. Supp. 814, 817 (E.D. Pa. 1996).

Mr. Kengerski's recovery for compensatory damages is not money he "otherwise would have earned had he not been unjustly discharged." The Court specifically instructed the jury that compensatory damages represent recovery "for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Mr. Kengerski experienced as a consequence of the county's allegedly unlawful act," and distinguished that award from lost past and future wages and benefits. ECF 232, 155:4-16 (cleaned up). The Court further instructed the jury that the "damages that you award must be fair compensation, no more and no less. The awarded

compensatory damages is meant to put Mr. Kengerski in the position he would have occupied if the retaliation had not occurred." *Id.* at 153:22-25.

For this reason, the Court concludes that the jury's compensatory damages award already represents the full amount that would make Mr. Kengerski whole, and to grant prejudgment interest on top of it "would be inequitable." *Booker*, 64 F.3d at 868 (cleaned up). Mr. Kengerski points to no case from the Third Circuit that would permit the Court to find otherwise.

**********************

For these reasons, this **25th day of April, 2023**, it is **hereby ORDERED** that Plaintiff's motion for prejudgment interest (ECF 221) is **GRANTED** in part and **DENIED** in part. Consistent with Mr. Kengerski's expert's calculations at ECF 259-1, the Court awards $67,565 as prejudgment interest on backpay to Mr. Kengerski. An amended judgment consistent with this Order and the Court's Order (ECF 254) on the motions to amend the judgment follows.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge