IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY KENGERSKI, | ) |
| v. | ) 2:17-cv-1048 |
| COUNTY OF ALLEGHENY, | ) |
| Defendant. | ) |

# MEMORANDUM ORDER

On April 25, 2023, this Court entered an amended judgment in favor of Plaintiff Jeffrey Kengerski to account for adjustments in his compensatory-damages award and to award him pre-judgment interest. ECF 261. Now that his award has been finalized and final judgment entered, Mr. Kengerski moves the Court for an order awarding attorneys' fees and costs (ECF 262), as he is entitled to do as the prevailing party in a Title VII retaliation case. 42 U.S.C. § 2000e-5(k). The Court set a briefing schedule on the motion for attorneys' fees, and Defendant Allegheny County did not file any opposition to the motion, and thus the Court construes that inaction as the County not opposing the relief sought. Nonetheless, the Court has independently reviewed Mr. Kengerski's brief, the relevant law, and submissions detailing the number of hours worked, tasks performed, and affirmations of the "community rate" in Pittsburgh. On careful review, the Court **GRANTS** Mr. Kengerski's motion, and awards his attorneys' fees and costs, with certain reductions.[1]

This Court recently set forth the standard for a party seeking attorneys' fees: "The party seeking attorney's fees has the burden to prove its request is reasonable.

---

[1] The County filed a notice of appeal from the judgment on May 19, 2023. ECF 265. Even though it did so, this Court still retains jurisdiction to decide the motion for attorneys' fees. *Hinton v. Pennsylvania State Police*, No. 08-0685, 2011 WL 1983970, at *1 (W.D. Pa. May 20, 2011) (Lancaster, J.) ("[A]lthough this case is currently on

To that end, the petitioner must submit evidence supporting the hours worked and the rates claimed. Once the party opposing the fees raises objections, the district court has a great deal of discretion to adjust the fee award in light of those objections. … [T]he most critical factor is the degree of success obtained. The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar." *Hollobaugh v. Roberts*, No. 21-69, 2022 WL 16927713, at *1 (W.D. Pa. Nov. 14, 2022) (Ranjan, J.) (cleaned up).

To begin, there is no question that Mr. Kengerski was the prevailing party, and thus is entitled to his fees. The jury found Mr. Kengerski's case compelling, awarding him approximately $930,000 ($400,000 in compensatory damages, and in an advisory verdict, $230,528.97 and $300,000 in backpay and front pay, respectively). ECF 207. The Court ultimately reduced the total award by about $50,000 for reasons outlined in several prior orders, but still awarded every component of damages that Mr. Kengerski achieved at trial (compensatory, backpay, front pay, and pre-judgment interest). Thus, the Court finds that Mr. Kengerski was a prevailing party for purposes of obtaining his attorneys' fees and costs.

There are two additional considerations on this point, but neither changes the Court's view of Mr. Kengerski being the prevailing party.

First, Mr. Kengerski initially brought six claims under state and federal law, five of which were dismissed at the motion-to-dismiss stage. ECF 15; ECF 27. But the Court will not penalize counsel for achieving a winning verdict on just one claim despite the dismissal of Mr. Kengerski's related claims at an earlier stage of the case. "Where a plaintiff has obtained excellent results, his attorney should recover a fully

---

appeal, we retain jurisdiction over the instant motion for attorney's fees." (citation omitted)).

compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (work on unsuccessful claims is compensable where the claims "involve[d] a common core of facts" and were "based on related legal theories.").

Second, Mr. Kengerski seeks some of his appeal fees and costs, which the Court finds to be appropriate since he prevailed on appeal. Earlier in this case, this Court granted summary judgment in favor of the County. ECF 91. Mr. Kengerski appealed, and the Third Circuit reversed and remanded. ECF 96. Thus, Mr. Kengerski prevailed on that appeal, and is entitled to the appeal fees and costs. *Hoelzle v. Vensure Emp. Servs., Inc.*, No. 20-473, 2022 WL 3588025, at *6 n.7 (E.D. Pa. Aug. 22, 2022) ("Should [Plaintiff] prevail on appeal, he may file a motion to recoup fees and costs incurred in connection with the appeal.").

The Court next turns to assessing the reasonableness of the fee request pursuant to a lodestar method. The Court finds counsel's hourly rates to be reasonable and commensurate with market rate. The hourly rates are as follows:

| Name | Role | Experience | Rate |
|---|---|---|---|
| Margaret S. Coleman | Attorney | 18 years | $500/hour |
| Tamra Van Hausen | Attorney | 2 years | $200/hour |
| Alec B. Wright | Attorney | 10 years | $400/hour |
| Timothy P. O'Brien | Attorney | 48 years | $700/hour |
| Heather McDonald | Paralegal | 26 years | $150/hour |

Mr. Kengerski supplied affidavits from civil rights and employment-discrimination attorneys in the Pittsburgh area that show that counsel's rates are

reasonable and comparable to the rates charged by other local attorneys with similar skill and experience.  ECF 263-5, 263-6, 263-7.  Indeed, the rates are below the fee schedule established by Community Legal Services, Inc., to which this Court has referred in prior awards for attorneys' fees.  *Turkovich v. Sally Beauty Supply LLC*, No. 20-694, 2021 WL 767629, at *1 (W.D. Pa. Feb. 26, 2021) (Ranjan, J.).

Normally, the Court would then review contradictory evidence presented by the County on the issue of the reasonableness of the hourly rate, but the County has filed none.  "Where, as here, the plaintiff has met his prima facie burden under the 'community market rate' lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward."  *Washington v. Phila. Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996) (citation omitted).  Thus, the Court accepts counsel's proposed hourly rates.

With respect to the number of hours billed by Mr. Kengerski's counsel and their litigation costs, the Court also finds the time and costs, for the most part, to be reasonable.  Counsel for Mr. Kengerski submitted extensive logs detailing their hours worked.  These records show that a single attorney performed most of the work on this case, and there are few instances, if any, of duplicative efforts.  *Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.").

The Court will make only the following deductions to the requested fees and costs:

- 9/14/2022, 9/17/2022, and 10/2/2022 entries by Alec Wright for trial preparation (aggregate time 8.9 hours, $3,560) are eliminated from the award.  Mr. Wright was unable to attend trial, so the Court finds these

    entries to be duplicative and unnecessary, and fees that a paying client would not likely pay.

- 5/28/2019 entry for mediation costs (*i.e.*, the fees paid to the mediator) ($281.25). Under the Court's early ADR program, the parties filed a stipulation that allocated the mediator's fees to be split 50/50. ECF 50. The Court finds that this is the equivalent of a mediation fee agreement, and it would violate the terms of that agreement (and the spirit of the ADR program) to allow any party to shift the fees to the other side at a later stage of the case. *See Kairys v. S. Pines Trucking, Inc.*, No. 19-1031, 2022 WL 1457786, at *2 (W.D. Pa. May 9, 2022) (Ranjan, J.) ("The ADR stipulation the parties submitted in December 2019 … was an agreement the parties mutually reached and the Court approved that each side would pay 50% of the mediation costs. Shifting those costs after trial would be contrary to that ADR agreement and would undermine the 'spirit' of the ADR cost-sharing arrangement.").[2]

After these reductions, the Court awards Mr. Kengerski attorneys' fees of $403,455 and costs of $15,241.67.

                                                        \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    For all of these reasons, this **26th day of May, 2023**, it is **hereby ORDERED** that Plaintiff's motion for an award of attorney's fees and costs (ECF 262) is

---

[2] The Court would note that it is not reducing the costs paid by Mr. Kengerski for use of the court-appointed special master in this case ($750). ECF 122. The special master oversaw one settlement conference, but the Court finds that use of a court-appointed special master during litigation is a recoverable cost. And, unlike the early ADR program, the parties did not enter a stipulation as to the allocation of the special master's fee.

**GRANTED** with the above reductions. These fees and costs shall be paid by Defendant within ten days of this order.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
J. Nicholas Ranjan
United States District Judge